UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LOUIS W. MATUSIAK and       )
SUSAN M. MATUSIAK,          )
                            )
        Plaintiffs,         )
                            )
     v.                     )    CASE NO. 1:06-cv-0743-DFH-TAB
                            )
AMERICAN FAMILY MUTUAL      )
INSURANCE COMPANY, a member of the  )
AMERICAN FAMILY INSURANCE GROUP,  )
                            )
        Defendants.         )

ENTRY ON MOTION TO REMAND

Plaintiffs John and Susan Matusiak, currently Arizona citizens, sued
defendant American Family Mutual Insurance Company, a Wisconsin citizen for
purposes of diversity jurisdiction, in an Indiana state court for damages for breach
of contract and breach of the duty of good faith and fair dealing.  Defendant
American Family removed this action from state court, attempting to invoke
diversity jurisdiction under 28 U.S.C. § 1332.  The Matusiaks have moved to
remand because the amount in controversy does not exceed $75,000, as required
by 28 U.S.C. § 1332.  The motion to remand is granted because American Family
has not shown that the jurisdictional amount is in controversy.

The Matusiaks formerly lived in Carmel, Indiana, and insured their home
with American Family.  On April 22, 2005, a hailstorm damaged the roof of their

home.   Cplt. ¶ 6.   The Matusiaks sold the home on May 17, 2005, before discovering the hail damage.   *Id.* ¶ 7.   The Matusiaks eventually made a claim under their insurance policy for damage to the roof, but American Family denied coverage.   *Id.* ¶¶ 8-9.

The Matusiaks filed suit against American Family in a state court.   The complaint alleges breach of the insurance contract and the tort of bad faith handling and denial of the claim.   The prayer for relief requests unspecified compensatory and punitive damages and attorney fees.   (Indiana Rule of Trial Procedure 8(a)(2) prohibits pleading a specific dollar figure in a prayer for punitive damages.)

American Family removed the action under 28 U.S.C. § 1441 on the basis of diversity jurisdiction.   Diversity of citizenship is complete, but § 1332(a) applies only when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."   The amount in controversy is determined by an evaluation of the controversy described in the plaintiff's complaint, and the record as a whole, as of the time the case was filed.   *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002), citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).   When an issue is raised about the amount in controversy, the party invoking federal jurisdiction has the burden of establishing that jurisdiction exists.   *Meridian Security Ins. Co. v. Sadowski,*

441 F.3d 536, 540-41, 543, citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  American Family has not met that burden here.


I.      *Compensatory Damages*

The Matusiaks' underlying insurance claim for damage to the roof was for no more than $8,700.  The available compensatory damages for breach of contract would ordinarily be that amount.  American Family has not come forward with any indication of a claim for additional compensatory damages.


The additional tort claim for bad faith handling and denial of the insurance claim does not add to the available compensatory damages.   In the case definitively recognizing the tort, the Indiana Supreme Court explained that the available compensatory damages would in most instances be "coterminous with those recoverable in a breach of contract action."  *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993).  American Family has not shown any basis for believing this case would be unusual in this respect.


American Family points out that the policy limit is $285,600, but that limit does not come into play *in this case*.  The fact that the Matusiaks might have been able to seek so much in damages in some other hypothetical case does not meet American Family's showing that the amount in controversy in this case, starting with $8,700 in damages to the roof, exceeds $75,000.

II.    *Punitive Damages*

The Matusiaks also seek punitive damages.  When a party relies on a claim for punitive damages to satisfy the jurisdictional amount in controversy, the court must first ask whether punitive damages could be recoverable as a matter of state law.  If the answer is yes, the court has jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."  *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (finding that punitive damages could not be recovered in amount sufficient to establish jurisdiction, and vacating final judgment in favor of defendants).

The answer to the first question here is yes.  Under Indiana law, punitive damages may be available for bad faith handling and denial of an insurance claim. *Erie Ins. v. Hickman*, 622 N.E.2d at 520 ("Punitive damages may be awarded only if there is clear and convincing evidence that the defendant 'acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing, in the sum [that the jury believes] will serve to punish the defendant and to deter it and others from like conduct in the future.'").

The court can say to a legal certainty, however, that no more than $50,000 in punitive damages would be available in this case.  Indiana Code § 34-51-3-4 limits the amount of punitive damages available to the Matusiaks to the greater

of $50,000 or three times the compensatory damages. American Family has offered no basis for any greater amount.

III.    *Attorney Fees*

The Matusiaks have asserted a claim for attorney fees as part of their prayer for relief. Legally viable claims for attorney fees may be counted toward the jurisdictional amount in controversy, but only for fees incurred before the case was filed. *Smith v. American General Life & Accident Ins. Co.*, 337 F.3d 888, 896-97 (7th Cir. 2003), following *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). The amount in controversy is the amount needed to satisfy the plaintiff's demand, in full, on the date the suit begins. *Smith*, 337 F.3d at 897, citing *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001). Assuming for purposes of argument that a claim for attorney fees would be legally viable here, the jurisdictional amount in controversy could be satisfied here only if the Matusiaks had incurred attorney fees exceeding $16,300 before filing suit on a claim for $8,700. That is highly unlikely. American Family has not made any showing such high fees were incurred before suit was filed.

Accordingly, on this record, the court may be sure that plaintiffs could not recover more than $75,000, exclusive of interest and costs. The plaintiffs' motion to remand is therefore granted, and the case is hereby REMANDED to the Marion Superior Court.

So ordered.

Date: June 29, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

Barry C. Cope
BINGHAM MCHALE
bcope@binghammchale.com

Robert Scott O'Dell
OSBORN HINER & LISHER
rodell@ohllaw.com